

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| RODNEY BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>LEE BACA, SHERIFF,<br><br>    Respondent. | Case No. CV 13-0660-PA (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

    Petitioner Rodney Brown, who is a prisoner at the Los Angeles County Jail, filed this petition for writ of habeas corpus on January 30, 2013. Petitioner claims that he is being denied legal protections and due process of law because the jail has no educational programs and denies him access to the jail law library. This case is identical to a civil rights complaint filed on January 24, 2013. *Brown v. Baca*, Case No. CV 13-154-PA (MLG).

    Having reviewed the petition, I conclude that Brown is not entitled to habeas corpus relief under the allegations pled and accordingly, the petition must be DISMISSED. Moreover, leave to amend shall be not be granted because the same claims are currently pending in Case No. CV 13-154-PA (MLG).

//

The writ of habeas corpus is limited to attacks upon the legality or duration of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). " A civil rights action, in contrast, is the proper method of challenging 'conditions of ... confinement.' " *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484, 498-99 (1973)); see also *Young v. Kenny*, 907 F.2d 974, 975 n. 1 (9th Cir. 1990). This petition, which involves allegations of lack of educational programs and law library access clearly implicates the conditions of confinement. Accordingly, Brown is not entitled to habeas relief even if his allegations are true. Should he wish to proceed with a lawsuit relating to these claims, he must seek injunctive relief or monetary damages under 42 U.S.C. § 1983, rather than habeas relief under §2254.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Therefore, when a pro se litigant labels a complaint seeking relief from prison conditions as a habeas petition, a court should treat it as a civil rights action. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (per curiam); *Hansen v. May*, 502 F.2d 728, 729-30 (9th Cir. 1974); *Galligher v. McCarthy*, 470 F.2d 740, 741 (9th Cir. 1972). However, because such a civil rights action is pending, leave to amend need not be given.

//
//
//
//
//

It is therefore ordered that the petition be dismissed without prejudice.

Dated: **February 8, 2013**

*/s/ Percy Anderson*
Percy Anderson
United States District Judge

Presented By:

*/s/ Marc L. Goldman*
Marc L. Goldman
United States Magistrate Judge